IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VINEYARD VINES, LLC, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. _____ |
| Plaintiff, | ) | |
| | ) | |
| ERIC EFERGAN dba BETHANY BEACH HUT AND SURF SHOP and TROPICANA SWIMWEAR, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Vineyard Vines, LLC ("Vineyard Vines"), for its complaint against Defendant Eric Efergan ("Efergan"), alleges on personal knowledge as to its actions, and upon information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This action arises out of Efergan's knowing and intentional mimicry of Vineyard Vines' iconic Whale Design trademark shown below.



More particularly, this is an action for trademark infringement, trademark dilution, unfair competition, and several related federal, state and common law causes of action.

## PARTIES

2. Vineyard Vines is a Connecticut limited liability company having its principal place of business located at 181 Harbor Drive, Stamford, Connecticut 06902.

3. On information and belief, Efergan is an individual having a residential address of 2 Tail of the Fox Drive, Berlin, Maryland 21811.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

5. This Court has personal jurisdiction over Efergan because he has committed tortious acts within this judicial district, has transacted business within this judicial district (including sales of the infringing merchandise within this judicial district), and has otherwise made or established contacts within this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over him.

6. Venue is proper within this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because Efergan is subject to personal jurisdiction within this judicial district and a substantial part of the events and injury giving rise to Vineyard Vines' claims is occurring within this judicial district.

## VINEYARDS VINES' WHALE DESIGN TRADEMARK

7. In 1998, brothers Ian and Shep Murray set out to live the American dream and left their corporate jobs to create a line of whimsical men's neckties inspired by the colors and designs of Martha's Vineyard, a destination they loved to visit. The first 800 ties were delivered on July 3, 1998 and were sold out in the first week. As the popularity of the neckties grew, the Vineyard Vines brand was expanded to a full line of casual sportswear for men, women and children, accessories, and products for the home, all drawing inspiration from the relaxed lifestyle of Martha's Vineyard.

8. For nearly twenty (20) years, and since long prior to the acts of Efergan complained of herein, Vineyard Vines has been engaged in manufacturing, distributing, offering for sale and selling a broad range of uniquely designed luxury brand men's, women's and children's clothing and accessories. As such, Vineyard Vines has become a leader in the clothing and accessories industry in this country and is well known for its colorful, nautical and whimsical designs on its products. Probably the most well-known symbol of the Vineyard Vines brand is its fanciful whale design (the "Whale Design"), which was developed and first used by Vineyard Vines at least as early as September 1, 2003 and first registered with the United States Patent and Trademark Office ("USPTO") on July 19, 2005.

9. The signature Whale Design has become an iconic symbol representing the Vineyard Vines brand and is prominently used on a wide array of men's, women's and children's sportswear and accessories, as well as other related goods.

10. Vineyard Vines now operates approximately fifty (50) Vineyard Vines branded standalone retail and outlet locations throughout the United States and continues to expand its retail presence through additional prominent in-store and store-in-a-store facilities in many major retail stores, including Bloomingdales, Belk, Nordstrom, Saks Fifth Avenue and Island Pursuits, as well as in boutique clothiers throughout the United States. Vineyard Vines also promotes and offers its products for sale on its website, www.VineyardVines.com.

11. As a consequence of Vineyard Vines' longstanding and continuous use of its Whale Design mark, Vineyard Vines' business and merchandise have become closely associated with one another in the mind of the public so that the public in this country has

come to recognize the business and merchandise of Vineyard Vines, at least in part, by the Whale Design. As such, Vineyard Vines enjoys substantial goodwill and a valuable reputation under the Whale Design trademark.

12. Because the Whale Design has a distinctive quality and has acquired special and particular significance and very valuable goodwill as an identifier of Vineyard Vines and its merchandise, Vineyard Vines has acquired proprietary rights in the Whale Design under the common law as a trademark and service mark for men's, women's and children's clothing and accessories, and for related goods and services. Those rights extend, without limitation, to the exclusive right to use the Whale Design nationwide on and in conjunction with such clothing goods and related merchandise and services.

13. Moreover, Vineyard Vines' Whale Design is the subject of several federal trademark and service mark registrations. Those registrations include, *inter alia*, U.S. Trademark Registration No. 2,969,692 which issued July 19, 2005 and pertains to the use of the Whale Design as a trademark for various clothing goods. That registration (a copy of which is attached hereto as Exhibit A) is valid, subsisting and incontestable.

### EFERGAN'S UNLAWFUL ACTIVITIES

14. On information and belief, Efergan controls and operates multiple retail stores (the "Efergan Stores") in which clothing, accessories and other merchandise are sold. Those stores include a retail store operated as "Bethany Beach Hut & Surf Shop" located at 98 Garfield Parkway, Bethany Beach, Delaware 19930 and "Tropicana Swimwear" located at 97 Garfield Parkway, Bethany Beach, Delaware 19930, which two

Bethany Beach stores are collectively referenced hereinafter as the "Efergan Bethany Beach Stores."

15. It came to Vineyard Vines' attention recently that the Efergan Bethany Beach Stores have been and/or are selling clothing articles which incorporate graphic elements depicting prominently unauthorized imitations of Vineyard Vines' Whale Design clothing trademark (the "Infringing Products"). An image of one of the Infringing Products is depicted in Exhibit B hereto.

16. Because of the striking similarities between Vineyard Vines' Whale Design trademark and the whale designs appearing prominently on the Infringing Products, members of the public are likely to be initially interested in the Infringing Products upon encountering them for sale in the Efergan Stores. Thus, such mimicry is likely to lead to initial interest confusion or point-of-sale confusion as to the source, sponsorship or other commercial affiliation of the Infringing Products with Vineyard Vines and its clothing goods.

17. Additionally, because of such similarities, members of the public, who encounter the Infringing Products being worn by customers of the Efergan Stores or other persons, are likely to experience post-sale confusion as to the source, sponsorship or other commercial affiliation of the Infringing Products with Vineyard Vines and its clothing goods.

18. The activities of Efergan complained of herein constitute willful infringement and dilution of Vineyard Vine's proprietary rights in the Whale Design mark and have continued in spite of Efergan's knowledge that the use of such proprietary

mark, or any colorable imitation thereof, was and remains in direct contravention of the exclusive proprietary rights of Vineyard Vines.

19. Efergan's unlawful activity results in irreparable harm and injury to Vineyard Vines in that, among other things, it: deprives Vineyard Vines of its absolute right to determine the manner in which its image is presented to the public through the promotion and sale of goods bearing reproductions or colorable imitations of its mark; deceives and confuses the public as to the origin and sponsorship of such goods either when members of the public initially encounter the Infringing Products, and/or at the point-of-sale of the Infringing Products, and/or when the Infringing Products are encountered in post-sale situations; wrongfully preys upon and cashes in on the reputation and commercial value of Vineyard Vines as well as its exclusive rights in the proprietary Whale Design mark; and irreparably harms and injures, or threatens to harm and injure, the reputation of Vineyard Vines for providing quality goods.

20. Because of Efergan's unlawful activities, on July 14, 2016, Vineyard Vines' attorney sent via certified mail to Efergan the demand letter and materials depicted in Exhibit B hereto. Notwithstanding Efergan's receipt of that demand letter, Efergan failed to respond in any manner. Subsequently, Vineyard Vines' attorney again sent the demand letter to Efergan, via email on August 2, 2016. On that same date, August 2, 2016, Vineyard Vines' attorney telephoned Efergan's residence (410-208-6679) and left a voicemail message requesting that Efergan call Vineyard Vines' attorney. However, as of the filing of this lawsuit, there has been no response whatsoever to the certified letter, the email, or the voicemail message. Thus, Efergan's unlawful

activities and multiple failures to respond to Vineyard Vines have necessitated the filing of this lawsuit.

## Count I

**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**
**15 U.S.C. § 1114 (§ 32 of the Lanham Act)**

21. Vineyard Vines repeats and realleges the contents of Paragraphs 1-20 as though fully set forth herein.

22. Efergan's use in commerce of a colorable imitation of the federally registered Whale Design mark in connection with the promotion, offering for sale, sale and distribution of clothing goods is likely to cause confusion, or to cause mistake or deceive customers, potential customers, and/or other members of the public.

23. Such acts constitute infringement of a federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

24. The aforesaid acts of Efergan have injured Vineyard Vines in an amount to be determined at trial.

25. The aforesaid acts of Efergan have also caused irreparable harm to Vineyard Vines and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

## Count II

**DILUTION OF FAMOUS TRADEMARK**
**15 U.S.C. § 1125 (c) (§ 43(c) of the Lanham Act)**

26. Vineyard Vines repeats and realleges the contents of Paragraphs 1-25 as thought fully set forth herein.

7
RLF1 14948312v.1

27. The Whale Design clothing mark is a famous trademark under 15 U.S.C. § 1125(c)(2)(A), in that it is widely recognized by the general consuming public of the United States as a designation of the source of Vineyard Vines' clothing. The Whale Design clothing mark became famous long prior to Efergan's unlawful use of colorable imitations thereof, as alleged herein.

28. Efergan's use of colorable imitations of the Whale Design clothing mark, in connection with the unauthorized sale in the United States of Infringing Products, is likely to dilute Vineyard Vine's famous Whale Design clothing mark, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening the capacity of the Whale Design clothing mark to identify and distinguish Vineyard Vines exclusively as the source of products and services in the United States bearing or provided under the famous Whale Design clothing mark and by harming the reputation and goodwill of the famous Whale Design clothing mark.

29. Efergan's unauthorized use of colorable imitations of the Whale Design clothing mark in connection with the sale in the United States of Efergan's Infringing Products is intended and has the effect of trading on Vineyard Vines' reputation and causing dilution of the famous Whale Design clothing mark.

30. Efergan's trademark dilution as herein alleged has injured and will continue to injure Vineyard Vines in that Vineyard Vines has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of Efergan's illegal conduct, unless such unlawful conduct is enjoined by this Court. In addition, Efergan has been unjustly enriched by reason of his acts of trademark dilution

in that Efergan has achieved sales and profits as a direct and proximate result of the illegal conduct.

31. Vineyard Vines is entitled to recover all damages sustained as a result of Efergan's actions, all profits realized by Efergan through the unlawful use of colorable imitations of Vineyard Vines' Whale Design clothing mark and in connection with Efergan's offering for sale and sale of the Infringing Products via the Efergan Stores and otherwise.

32. Efergan's actions have been willful and deliberate, entitling Vineyard Vines to recover treble damages and/or profits and an award of reasonable attorneys' fees against Efergan.

### Count III

### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1125(a)(1)(A) (§ 43(a)(1)(A) of the Lanham Act)

33. Vineyard Vines repeats and realleges the contents of Paragraphs 1-32 as though fully set forth herein.

34. Efergan's use in commerce of colorable imitations of Vineyard Vines' Whale Design trademark is likely to cause confusion, or to cause mistake or deceive consumers and other members of the public as to the affiliation, connection, or association of those imitative designations with Vineyard Vines or as to the origin, sponsorship or approval of Efergan's goods by Vineyard Vines.

35. Such acts constitute violations of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

36. The aforesaid acts of Efergan have injured Vineyard Vines in an amount to be determined at trial.

37. The aforesaid acts of Efergan have also caused and, unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

### Count IV

### COMMON LAW UNFAIR COMPETITION

38. Vineyard Vines repeats and realleges the contents of Paragraphs 1-37 as if fully set forth herein.

39. Efergan has engaged in unfair competition with Vineyard Vines in violation of the common law of Delaware and other states, by advertising, promoting, offering and selling products using colorable imitations of Vineyard Vines' Whale Design clothing trademark, and by trading upon the goodwill established by Vineyard Vines and thereby misappropriating the benefits of substantial effort and money expended by Vineyard Vines in establishing its rights in its clothing trademarks and the goodwill and reputation of Vineyard Vines.

40. The aforesaid acts of Efergan have damaged Vineyard Vines in an amount to be determined at trial.

41. The aforesaid acts of Efergan have also caused Vineyard Vines irreparable injury and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

### Count V

### VIOLATION OF DELAWARE DECEPTIVE TRADE PRACTICES ACT
### (6 Del. C. §§ 2531 *et seq.*)

42. Vineyard Vines repeats and realleges the allegations of Paragraphs 1-41 as if fully set forth herein.

43. Efergan's activities as described above constitute deceptive trade practices by:

(a) Causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or association with or certification of goods or services in violation of 6 Del. C. § 2532(a)(2); and

(b) Causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another in violation of 6 Del. C. § 2532(a)(3).

44. Vineyard Vines has no adequate remedy at law and, if Efergan's activities are not enjoined, will continue to suffer irreparable harm and injury to Vineyard Vines' goodwill and reputation.

## JURY DEMAND

Vineyard Vines demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Vineyard Vines respectfully requests the following relief:

A. Preliminary and permanent injunctions prohibiting Efergan, his employees, affiliated businesses, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the whale designations which have appeared on the Infringing Products, and from using any other colorable imitations of Vineyard Vines' Whale Design trademark in connection with the manufacturing, packaging, labeling, importation, exportation, advertising, promoting, marketing, offering, selling or distribution of clothing goods and any other goods in the United States;

B. Preliminary and permanent injunctions requiring Efergan to remove all use of the infringing and dilutive designations from signage, websites, sales aids, advertisements, and any other promotional material or medium;

C. An order requiring the surrender to Vineyard Vines of all goods and other materials in Efergan's possession, custody or control bearing the infringing and dilutive designations, for the destruction of such goods and materials by Vineyard Vines, and requiring further the filing and service of a certified report by Efergan, identifying and attesting to the surrender of those goods and other materials in such particular details as the Court shall deem appropriate;

D. An accounting for all profits derived by Efergan and his affiliated businesses from such unlawful acts;

E. An award of such monetary remedies in an amount sufficient to compensate Vineyard Vines for losses it has sustained as a consequence of Efergan's unlawful acts, as well as the profits of Efergan attributable to such infringements and dilution;

F. An award of Vineyard Vines' damages, including treble damages, costs and attorneys' fees for Efergan's acts of trademark infringement and dilution, pursuant to 15 U.S.C. §§ 1051, *et seq.*, particularly including 15 U.S.C. §§ 1114 and 1125(a) and (c);

G. All such other and further relief as this Court may deem just and proper.

|  |  |
|---|---|
| Of Counsel:<br><br>Larry C. Jones<br>ALSTON & BIRD LLP<br>101 S. Tryon Street, Suite 4000<br>Charlotte, North Carolina 28280<br>(704) 444-1019<br><br>Dated: August 4, 2016 | /s/ Kelly E. Farnan<br>Kelly E. Farnan (#4395)<br>Katharine L. Mowery (#5629)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>(302) 651-7700<br>farnan@rlf.com<br>mowery@rlf.com<br><br>*Attorneys for Plaintiff, Vineyard Vines, LLC* |

RLF1 14948312v.1